FILED
Nov 24, 2020
02:11 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **DEBORAH MORGAN,** | ) | **Docket No. 2020-07-0266** |
| **Employee,** | ) | |
| **v.** | ) | |
| **BEALL MANUFACTURING, INC.,** | ) | **State File No. 29562 2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS,** | ) | **Judge Amber E. Luttrell** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an Expedited Hearing on Ms. Morgan's request for benefits for an alleged injury to her left hand/wrist. Beall Manufacturing, Inc., denied Ms. Morgan's claim for benefits on two grounds.[1] First, Beall, a Tennessee Drug Free Workplace, contended she refused to submit to a post-accident drug screen, which entitles it to a presumption that the proximate cause of her injury was the influence of drugs. Second, Beall argued Ms. Morgan did not prove she is likely to establish medical causation at trial. For the reasons below, the Court holds that Beall is not entitled to the presumption under the drug free workplace rules and Ms. Morgan did not show she is likely to prevail at trial in proving medical causation, so the Court denies her request for benefits.

### History of Claim

Ms. Morgan alleged an injury to her left hand/wrist on May 5, 2020, while working on a press. She testified that while working with small parts that traveled down a chute into a bin, she noticed the parts were overflowing the bin. When she moved the parts to make room, she felt a "pop" in her left hand/wrist.[2] She reported the injury to her supervisor.

---

[1] At the hearing, the parties referred to Ms. Morgan's employer as CSI, a wholly-owned subsidiary of Beall Manufacturing. For consistency with the pleadings, the Court refers to the employer as Beall throughout the Order.

[2] Ms. Morgan experienced soreness in her hands the previous week while working with heavy blades and asked her supervisor to move her to a lighter job.

The next morning, Ms. Morgan called the safety manager, Keith Henneberger, and requested medical treatment. He gave her a verbal panel of physicians, and she selected McKenzie Medical Center. Upon arrival, the clinic required her to undergo a supervised post-accident drug screen.

Ms. Morgan's undisputed testimony was that she produced two urine samples; however, the nurse disposed of the samples because there was "not enough." Ms. Morgan stated she drank water between the two samples. She next saw the provider and after her exam, she again attempted to produce a sample but was unable. Ms. Morgan stated the nurse refused to test her again and did not offer any other type of drug screen. She was at the clinic for over three hours. The provider remarked on a lab note that Ms. Morgan had a "shy bladder." The provider referred her to another physician for further evaluation of her hand/wrist, but Beall denied the claim, alleging she violated its drug free workplace policy by refusing to submit to a drug screen.

Later, Ms. Morgan spoke to Carol Holt, Beall's human resources representative, and advised that she could not return to work until she had treatment for her injury. Ms. Morgan did not provide Beall an off-work slip, and Ms. Holt subsequently terminated her for violation of Beall's attendance policy.

Ms. Holt testified regarding two random drug tests Ms. Morgan underwent one week before the injury date, which were administered by Jamie Moore, a third-party staffing specialist. According to Ms. Holt and the affidavit testimony of Ms. Moore, both samples were marked "no temp." Ms. Morgan disputed the accuracy of the reports and stated the notations were added by "someone" after she signed the form. Although the test results were negative, Ms. Holt terminated Ms. Morgan on May 4 based on the temperature of the samples. Ms. Morgan appealed the decision and was returned to work on May 5, the injury date.[3]

Ms. Holt further testified that, at the time of Ms. Morgan's injury, Beall was a member of the Tennessee Drug Free Workplace.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Ms. Morgan must provide sufficient evidence that she would likely prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

---

[3] Keith Henneberger, the Safety Manager, also testified on behalf of Beall. His testimony was duplicative of Ms. Morgan's testimony regarding the job she performed on the injury date, the verbal panel he offered, and that she never gave him an off-work slip following the injury.

In its defense, Beall cited Tennessee Code Annotated section 50-6-110(c)(2), which states, "[I]f the injured worker refuses to submit to a drug test, it shall be presumed, in the absence of clear and convincing evidence to the contrary, that the proximate cause of the injury was the influence of drugs, as defined in section 50-9-103." It further cited the Tennessee Drug Free Workplace Program rules under Tennessee Compilation Rules and Regulations 0800-02-12-.06(2), which also states the above presumption.

Beall argued that Ms. Morgan's inability to produce a sufficient urine sample after three attempts on May 6, 2020, "is the same as refusing to submit to a post-accident drug test." Because Beall is a member of the Drug-Free Workplace Program, it further contended it is entitled to the presumption that the proximate cause of Ms. Morgan's hand/wrist injury was the influence of drugs. The Court is not persuaded by Beall's argument.

The proof showed Ms. Morgan did, in fact, produce a supervised urine sample, on two of the three attempts. However, the nurse disposed of the first two samples because they were "not enough." Ms. Morgan was then unable to provide a third sample. The provider's report remarked Ms. Morgan had a "shy bladder." Beall contended that because Ms. Morgan was at the clinic for over three hours and was provided water, she intentionally refused to produce a sufficient sample for the drug screen. Absent any supporting medical proof, the Court finds this argument speculative and unpersuasive. Further, the Court finds the previous random drug screen incident unusual, but it fails to prove Ms. Morgan refused to submit to the post-accident drug screen on May 6.

Moreover, under Tennessee Compilation Rules and Regulations 0800-02-12-.06(4), "if the employee is unable to provide a urine specimen when requested, the United States Department of Health and Human Services mandatory guidelines on fluid administration and for alternative oral specimen collection shall be followed." Beall introduced no proof that these guidelines for *alternative oral specimen collection* were followed. For these reasons, the Court holds no statutory presumption applies regarding the proximate cause of Ms. Morgan's injury, and there was no proof that Ms. Morgan's hand/wrist injury was caused by intoxication or illegal drug use.

The Court next considers causation. Ms. Morgan must show that her alleged injury arose primarily out of and in the course and scope of her employment. To do so, she must prove a work-related incident identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A). Further, she must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." A "reasonable degree of medical certainty" means that, in the treating physician's opinion, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14)(C)-(D).

Applying these principles, the Court finds Ms. Morgan credible in her uncontroverted testimony that she experienced a "pop" in her hand while moving the parts in the bin. Therefore, the Court holds she is likely to show a specific incident, identifiable by time and place, at trial.

The question becomes whether Ms. Morgan appears likely to show that her work primarily caused the injury and need for treatment. The Court cannot find at this time that she is likely to meet this burden.

Ms. Morgan saw a panel-selected provider at McKenzie Medical Center; however, she did not introduce that record or any medical record into evidence addressing causation. Thus, she has not proven "to a reasonable degree of medical certainty" that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Thus, the Court must deny Ms. Morgan's request for benefits at this time. Tina Woods, the Court's legal assistant, will contact the parties to set a Status Hearing.

**IT IS ORDERED.**

**ENTERED November 24, 2020.**

*Amber Luttrell*
**JUDGE AMBER LUTTRELL**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Witness List
5. Employer's Expedited Hearing Pre-Trial Brief
6. Employee's Pre-Hearing Position Statement (email)
7. Employer's Potential Exhibit List

Exhibits
1. Deborah Morgan's Affidavit
2. Jamie Moore's Affidavit
3. McKenzie Medical Center record (May 11, 2020 service date)
4. Notice of Denial
5. Henry County Medical Center Discharge Instructions (3 pages)
6. Photo of a part

7. Photo of a press
8. Separation Notice
9. CSI Attendance Policy
10. Petition for Benefit Determination
11. CSI's Tennessee Drug Free Workplace Program Application

## CERTIFICATE OF SERVICE

I certify that copy of this Order was sent as indicated on November 24, 2020.

| Name | USPS | Email | Service sent to: |
|---|---|---|---|
| Deborah Morgan, Employee | X | X | djackmorgan13@gmail.com<br>6579 Highway 436,<br>McKenzie, TN  38201 |
| Paul Nicks, Employer's Attorney | | X | pnicks@travelers.com |

*Penny Shrum*
_____
Penny Shrum, Court Clerk
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____          ☐ Motion Order filed on _____

☐ Compensation Order filed on_____          ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____          2. Address: _____

3. Telephone Number: _____          4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries          $ _____ per month     Telephone       $ _____ per month

Electricity        $ _____ per month     School Supplies $ _____ per month

Water              $ _____ per month     Clothing        $ _____ per month

Gas                $ _____ per month     Child Care      $ _____ per month

Transportation     $ _____ per month     Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____     (FMV) _____

Other                   $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____